**In re Robert Andrew WARING and Maureen Bryan Waring, Debtors.**

No. 08–15383.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Feb. 27, 2009.

Todd Alan Bobka, Blomgren & Bobka Co., L.P.A., Cleveland, OH, for Debtor.

### ORDER ON MOSS CODILIS, LLP AND CONTINUED ORDER ON SAXON MORTGAGE SERVICES, INC. RE REAFFIRMATION AGREEMENT

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

On February 26, 2009, the court held a hearing on a show cause order which directed:

(1) Saxon Mortgage to appear and show cause why it should not be held in contempt for failing to comply with court orders relating to a reaffirmation agreement with the debtors Robert and Maureen Waring; and

(2) Corey Robertus to appear and show cause why his electronic filing privileges should not be revoked for interfering with the efficient administration of this case.

These individuals appeared at the hearing:

(1) John Cottrell, assistant vice-president of Saxon Mortgage Services, Inc., represented by attorney Edward Boll;

(2) Corey Robertus, represented by attorney Scott Fink;

(3) Maria Borresen, an independent contractor who is the compliance attorney for Moss Codilis, LLP; and

(4) Gilbert Blomgren, representing the debtors Robert and Maureen Waring.

The show cause arose out of a reaffirmation agreement between "creditor Saxon Mortgage" and the debtors Robert and Maureen Waring that was filed on September 8, 2008. (Docket 11). The court issued an order identifying deficiencies in the agreement and setting a hearing. (Docket 12). The debtors' counsel appeared at that hearing, and the next four on the same topic, but no one appeared for Saxon Mortgage. The details are stated in this court's order entered on February 13, 2008 and need not be repeated here. (Docket 25).

### Saxon Mortgage Services, Inc. Does Not Hold an Interest in the Note

■ The reason for the breakdown in communication became apparent at the show cause hearing. Based on Mr. Cottrell's statements, "Saxon Mortgage" is not, in fact, a creditor of these debtors. There does not even seem to be a legal entity by this name. The note holder is Bank of New York, Mellon as trustee for a trust that was not identified with certainty at the hearing. That entity hired Saxon Mortgage Services, Inc. (not "Saxon Mortgage") to represent it in the reaffirmation process. *See* 11 U.S.C. § 524(c). Saxon Mortgage Services, Inc., in turn, has had an agreement with the law firm of Moss Codilis, LLP since 2007 under which Moss Codilis, LLP serves as its national counsel to address reaffirmation issues. On October 1, 2007, Saxon Mortgage Services, Inc. executed a limited power of attorney in favor of Moss Codilis, LLP to perform all

acts necessary "to execute Reaffirmation Agreements." (Hearing Exhibit A).

According to attorney Borresen, Moss Codilis, LLP is a limited liability partnership with 15 employees, whose partners are five law firms, all of which are in the default servicing industry. Those firms include Fein, Such, Kahn & Sheppard PC (New Jersey); Pite Duncan (California); and Morris Schneider & Prior (Georgia); Ms. Borresen did not recall the other two law firm partners. There is a separate entity called Default Servicing Solutions that is affiliated (in an unspecified fashion) with Moss Codilis, LLP. Default Servicing Solutions has 135 employees, including Mr. Robertus.[1] Moss Codilis, LLP and Default Servicing Solutions are located in Colorado. The parties did not present a power of attorney giving Default Servicing Solutions or Mr. Robertus authority to act on behalf of Saxon Mortgage Services, Inc.

After Saxon Mortgage Services, Inc. referred the reaffirmation agreement issue in this case to Moss Codilis, LLP, that entity assigned it to the loss mitigation department. The loss mitigation department is one and the same for Moss Codilis, LLP and Default Servicing Solutions. An individual in that department-probably Rachel Gardner-drafted the agreement and sent it to Corey Robertus, who signed it in Colorado (without independent review) and filed it with this court.

The reaffirmation agreement is signed in this fashion:

> **Accepted by Creditor:**
> **SAXON MORTGAGE**
> **4708 Mercantile Drive**
> **Fort Worth, TX 76137**

> (Signature)

The handwriting at this point is a cursive signature for Corey Robertus, followed by this printing:

> Corey M Robertus
> atty in fact for
> Saxon Mortgage
> 9-8-08

This raises several issues:

(1) "Saxon Mortgage" does not own or hold the note referred to in the reaffirmation agreement and is not a creditor of these debtors;

(2) Corey Robertus individually does not hold a power of attorney from Saxon Mortgage Services;

(3) Corey Robertus is not an employee of Moss Codilis, LLP, which does hold a limited power of attorney from Saxon Mortgage Services; and

(4) no one at the hearing had the documentation establishing the full name of the Bank of New York Mellon trust that currently holds the note signed by the debtors.

*See generally*, FED. R. BANKR.P. 9011.

The court stated at the hearing that the reaffirmation agreement would be approved because the deficiencies originally identified had been corrected. On further review, and considering the information provided at the hearing, it is apparent that the agreement cannot be approved as filed because Saxon Mortgage Services, Inc. does not have a legal interest in the note and, therefore, does not on its own behalf have the legal authority to reaffirm the

---

1. This is contrary to Moss Codilis's written response to the show cause in which it stated that Mr. Robertus is employed by Moss Codilis, LLP. (Docket 28). It is also contrary to the Claims Agent Registration Form and ECF User Agreement signed by Corey Robertus and filed in this court to permit him the privilege of using the ECF system. Nevertheless, Mr. Robertus confirmed at the hearing that he is an employee of Default Servicing Solutions and not of Moss Codilis, LLP.

debt owed by the debtors to the unidentified trust. To permit the actual parties in interest to enter into an agreement, the court will provide additional time for filing a new reaffirmation agreement.

### The Note Holder Failed to Establish a System by which Debtors can Communicate regarding Reaffirmation Agreements

■ With respect to the communication issue that caused the show cause order to be issued, it is apparent that there is no system in place at Saxon Mortgage Services, Inc. or its agents by which a debtor's counsel or a pro se debtor can contact the creditor to attempt to negotiate a reaffirmation agreement. In addition to the debtor having been given the name of the wrong creditor, there are no telephone numbers listed on the reaffirmation agreement for Corey Robertus or "Saxon Mortgage." Corey Robertus works in Colorado, not at the Texas address listed on the reaffirmation agreement and no one at the Texas address responded to the court's orders that were sent there. A creditor who engages another firm to handle any aspect of its responsibilities under the bankruptcy code has a fundamental obligation to make sure that those responsibilities are being carried out competently; a starting point is to provide accurate and adequate information about how to communicate with the creditor's agent. That did not happen here. And this is not an isolated case.

### Additional $150.00 Fee Imposed by Saxon Mortgage Services, Inc.

Debtors' counsel stated that Saxon Mortgage Services, Inc. recently told his clients that they would owe an additional $150.00 as a separate fee for the reaffirmation agreement. That fee is not stated anywhere in the proposed reaffirmation agreement and Saxon Mortgage Services, Inc. did not identify a legal basis for attempting to impose such a fee. The court assumes that no such charge will be levied without court authority.

### Debtors' Attorney Fees

Counsel for the debtors and Saxon Mortgage Services, Inc. stated that they will enter into an agreement compensating debtors' counsel for the time spent in connection with this matter.

IT IS, THEREFORE, ORDERED THAT:

1. Saxon Mortgage Services, Inc. is to file documentation: (1) establishing the current holder of the original note executed by the debtors; (2) identifying the source of its authority to enter into reaffirmation agreements on behalf of that entity; and (3) identifying the source of its authority to retain Moss Codilis, LLP with respect to the reaffirmation agreement.

2. Saxon Mortgage Services, Inc. is to explain how the "CIT" account for the debtors' loan referred to by Mr. Cottrell at the hearing operates; and it is to explain its procedures for addressing questions from debtors' counsel and debtors regarding reaffirmation agreements and why those procedures were not effective in this case.

3. Saxon Mortgage Services, Inc., Moss Codilis, LLP and/or Default Servicing Solutions are to file a list of all bankruptcy cases (both open and closed) filed in the Northern District of Ohio since 2007 in which reaffirmation agreements were filed on behalf of Saxon Mortgage Services, Inc. by Moss Codilis, LLP; and they are to begin to audit those cases for the following information: (a) whether the correct creditor is a party to the reaffirmation agreement; (b) whether the individual signing the agreement on behalf of the creditor had authority to do so; and (c) whether that authority is accurately stated in the

910

signature block. Additionally, they are to determine if Saxon Mortgage Services, Inc. charged any debtor a fee that went beyond the terms stated in the reaffirmation agreement.

4. Moss Codilis, LLP is to provide the identity of its two other law firm partners.

5. Moss Codilis, LLP is to identify the legal basis by which it apparently delegates its authority to prepare and execute reaffirmation agreements on behalf of Saxon Mortgage Services, Inc. to Default Servicing Solutions.

The show cause hearing is adjourned to **April 9, 2009 at 8:30 a.m.** at which time Saxon Mortgage Services, Inc. and Moss Codilis, LLP and/or Default Servicing Solutions are to advise the court how long it will take them to complete the audit of all reaffirmation agreements filed in the Northern District of Ohio from 2007 forward. Counsel for Saxon Mortgage Services, Inc. and Moss Codilis LLP, as well as Ms. Borresen, are to attend the adjourned hearing. Mr. Cottrell and Mr. Robertus are excused from attending that hearing.

IT IS FURTHER ORDERED THAT Edward Boll is to serve this order on the general counsel for Saxon Mortgage Services, Inc. and is to file a notice of service with the name and address of the individual served **within three days** from the date on which this order is entered.